IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARRELL DONTA McKENZIE,
ADC #097711                                                                                          PLAINTIFF

4:06CV00618JLH/HDY

MICHELLE HILL, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

1

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

A trial was held in this case before the Court on December 3, 2007. Following a presentation of the testimony of the parties and witnesses, and submission of exhibits, the Court provided the parties with the opportunity to file simultaneous post-hearing briefs. Defendants filed their brief as a motion to dismiss (DE #64) and plaintiff filed his brief (DE #66). Based on all the above, the Court enters the following findings and recommendation.

### I. Facts

Plaintiff, a state inmate presently incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants falsely arrested him on December 16, 2005. Defendants are Officers Michelle Hill, Jeffrey Plunkett, and Larry Ringgold, and Detective Kevin Simpson, all of the Little Rock Police Department (LRPD). Plaintiff requests monetary relief from the defendants.

According to plaintiff's testimony, on December 16, 2005, he was walking to Woodlawn Avenue in Little Rock, Arkansas, to finish a job at an apartment complex, when he was stopped and placed under arrest by defendant Plunkett. Plaintiff did not know who Plunkett was, since he was in an unmarked car and not in uniform. Plunkett told plaintiff to get on the ground and placed him under arrest for armed robbery. Plaintiff was then transported to the Little Rock Police Department by defendant Ringgold, where he was told he had been positively identified as involved in the

robbery of a business on Kavanaugh Avenue.

Plaintiff later learned that the robbery for which he was arrested occurred at a Mail Boxes, Etc. store, and the victim flagged down defendant Hill shortly after the robbery. According to the victim's statement, the perpetrator was a black male with a loose front tooth who wore a blue jacket and carried a bag over his shoulder. The perpetrator also carried a black pistol. Defendant Hill broadcast this description to other officers, and based on this, he was arrested by defendant Plunkett. Plaintiff further testified the victim was later shown a photo spread and identified plaintiff as the robber. Plaintiff was later acquitted by a jury of all charges.

Plaintiff admitted he did not personally know defendant Hill and that he did have a loose front tooth in December, 2005. He also stated at the time he was arrested he was wearing a black, not blue, jacket.

Defendant Hill testified that she was working on December 16, 2005 and was driving down Kavanaugh when a woman ran out of a business and flagged her down. The woman stated she had been robbed by a black male, about thirty years old, with a loose front tooth, and wearing a blue jacket. She told Hill the suspect stole about $200.00. Defendant Hill never saw the suspect, but broadcast the description over the police radio.

Defendant Plunkett, who is currently a detective at the LRPD, was working as a community-neighborhood officer in December, 2005. At the time, he wore a modified uniform, and was assigned to a bicycle unit. On December 16, 2005, he was driving his personal vehicle, a Jeep, when he heard the broadcast by defendant Hill. Since he was near the area of the incident, he drove to the intersection of Markham and Kavanaugh and waited to see if he could see a vehicle leaving that area. After about 15-20 minutes, defendant Plunkett saw plaintiff running in front of him, wearing a dark-colored jacket and carrying a small blue knapsack. After defendant stopped plaintiff, he also noticed the loose front tooth which plaintiff "fiddled" with his tongue. Defendant retrieved from plaintiff's knapsnack some drug paraphernalia, a screw driver and a brillo pad, items

which are used in smoking crack cocaine. Defendant Ringgold arrived to the scene and transported plaintiff to the downtown detective office. After that time, defendant Plunkett stated he had no further contact with the plaintiff.

Defendant Larry Ringgold, who was on patrol duty in December, 2005, responded to defendant Plunkett's location and assisted him with placing plaintiff in his patrol car. He drove plaintiff to the detective division, where he was placed in a holding cell. He testified plaintiff was wearing a dark blue jacket and included that fact in a written statement he prepared after the incident. He denied having told the plaintiff that he was color-blind.

Defendant Kevin Simpson, a homicide detective for the LRPD, assisted the robbery unit with the December 16, 2005 investigation. He was asked by another detective to show the victim of the crime a photo spread, in an effort to identify the robber. The photo spread included a picture of plaintiff (taken by a non-party), and five other black men with similar hair and facial styles. He testified he showed the victim the photos, asked her if she could recognize anyone, and she checked the box which positively identified plaintiff as the robber. He does not remember the victim telling her that plaintiff's clothes and hair were different. He then completed the appropriate paperwork and returned to the detective division.

## II. Post-trial Briefs

**A. Defendants' Brief**

In their brief, defendants state the relevant inquiry in analyzing a false arrest claim is whether the officers had probable cause, citing Sheets v. Butler, 398 F.3d 772, 777 (8th Cir. 2004). Defendants state the evidence supports such a finding, by defendant Plunkett, based on defendant Hill's description of the suspect, and plaintiff's distinct similarities with those characteristics. In addition, the limited participation of the remaining three defendants in the circumstances surrounding plaintiff's arrest does not support a finding of a Fourth Amendment violation. Finally, defendants state plaintiff's official capacity allegations against defendants should fail because he

4

presented no evidence that the City had a policy or custom to arrest suspects without probable cause, citing Grayson v. Ross, 454 F.3d 802, 810-11 (8th Cir. 2006).

**B. Plaintiff's Brief**

In his brief, plaintiff points out discrepancies between the description of the suspect and his description on the day of the incident, noting that he was wearing a black, not a blue jacket. Plaintiff also states he was falsely arrested, that an eyewitness he identified was not called as a witness at his criminal trial, that he was falsely detained for 399 days, and that the prosecutor failed in his duty to disclose favorable evidence to the accused. Plaintiff also claims he was the victim of malicious prosecution.

### III. Issue

Despite the new issues of malicious prosecution and false imprisonment raised by plaintiff in his brief, the Court finds that the sole issue raised by plaintiff in his complaint and at trial concerns whether defendants falsely arrested him in violation of the Fourth Amendment. As noted by defendants, the standard for determining probable cause for arrest is whether, "upon the objective facts available to the officers at the time of the arrest...the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest." Smithson v. Aldrich, 235 F.3d 1058, 1062 (8th Cir. 2000).

In this particular case, it is clear from the facts that defendants Hill, Ringgold and Simpson did not participate in the actual arrest of the plaintiff. Defendant Hill testified she broadcast a description of the suspect as given to her by the victim of the crime. Defendant Ringgold testified he transported plaintiff to the detective division of the LRPD after he was placed under arrest by defendant Plunkett. Defendant Simpson testified he displayed a photo spread, prepared by someone else, to the victim of the crime for identification purposes. The Court finds absolutely no evidence to support a constitutional claim against these three defendants.

In addition, with respect to defendant Plunkett, the arresting officer, the Court finds the description of the suspect was reasonably similar to that of the plaintiff to support the initial stop of the plaintiff. In addition, once plaintiff was stopped, defendant Plunkett observed an additional similar characteristic with the suspect description, in the form of plaintiff's loose front tooth. Therefore, the Court finds based on the objective facts available to defendant Plunkett at the time, defendant Plunkett was justified in believing plaintiff was the individual who committed the offense as broadcast by defendant Hill.

The Court finds as credible the testimony of the four defendants, and finds that plaintiff presented no evidence to call into question their credibility. In addition, plaintiff's credibility at times was suspect, and even taking his testimony as true, the allegations set forth against defendants concerning inconsistencies between the description of the suspect and his description, do not support a finding of a constitutional violation. Accordingly,

IT IS, THEREFORE, RECOMMENDED that defendants have judgment over plaintiff on his complaint, and plaintiff's complaint against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this ___12___ day of December, 2007.

_____
United States Magistrate Judge